IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARIE HICKEY,

    Plaintiff,                                 19cv1401
                                                        ELECTRONICALLY FILED

    v.

ZURICH AMERICAN INSURANCE
COMPANY, ZURICH, and
DANIEL EDWARDS,

    Defendants.

**MEMORANDUM OPINION**

In this declaratory judgment action, originally filed in the Court of Common Pleas for Westmoreland County, Pennsylvania, Plaintiff sought excess insurance coverage from Defendant-Insurer. The Defendant-Insurer provided excess coverage to the alleged tortfeasor in the underlying action. In the underlying action, Plaintiff claims to have been injured as the result of the Defendant-Insured's negligence. In support of her claim for entitlement to the proceeds of Defendant-Insured's excess policy, Plaintiff notes that she has received the coverage limits for her alleged injures from two primary insurance policies issued to Defendant-Insured.

After Plaintiff filed her declaratory judgment action in state court, Defendant-Insurer removed Plaintiff's declaratory judgment lawsuit and filed a Motion to Dismiss her case (ECF 6), essentially arguing that Plaintiff's request for a declaration as to her entitlement to the excess insurance coverage is premature. Plaintiff filed a Motion for Remand (ECF 7) suggesting that this Court lacks subject matter jurisdiction over her declaratory judgment action. The Parties filed Responses to the other's Motions, and thus, the Motions are ripe for disposition at this time.

For the reasons set forth below, the Court finds that remand is appropriate, and accordingly, it will not address Defendant-Insurer's Motion to Dismiss.

**DISCUSSION**

Plaintiff's 168-page Complaint seeks a declaration that the Defendant-Insurer owes excess insurance coverage as a result of the Defendant-Insured's alleged liability stemming from a June 18, 2018,.motor vehicle accident. At the time of the accident, Defendant-Insured was driving a vehicle that had been loaned to him by Northstar Chevrolet while his own vehicle underwent repairs. The insurance policy at issue in this case provided excess coverage for the vehicle that was driven by the Defendant-Insured at the time of the accident.

Plaintiff's Motion for Remand argues that her request for a declaration of coverage under the insurance policy referenced in her Complaint is a declaration that this Court cannot make. She explains that her Complaint's singular claim was made pursuant to a Pennsylvania Statute, and federal case law emanating from this district indicates that this Court lacks subject matter jurisdiction over this issue.

In support of her Motion for Remand, Plaintiff relies on *Carrasquillo v. Kelly*, No. 2:17-cv-4887, 2018 WL 1806871 (E.D. Pa. Apr. 17, 2018), and its progeny. In *Carrasquillo,* Rafael Santiago was staying at Nancy Kelly's home when he was shot and killed by James Kelly, who was also a resident. Carrasquillo brought a wrongful death and survivor lawsuit against Nancy Kelly, but also sought a judicial declaration that Nancy Kelly's homeowner's insurer, Nationwide, had a duty to defend and to indemnify Nancy Kelly. The District Court for the Eastern District of Pennsylvania held, "Carrasquillo, rather than the insurance company, initiated this declaratory judgment action and seeks to dictate the terms of the contractual relationship

between Nationwide and Nancy Kelly. Under these circumstances, this Court finds that Carrasquillo lacks standing to do so because she seeks a declaration about third parties' legal interests rather than her own." *Id*. at *4. After determining that Carrasquillo lacked standing to obtain a declaration concerning the obligations of the alleged tortfeasor's insurer, the District Court held that it lacked subject matter jurisdiction, and remanded the matter back to the State Court from which it came. *Id*.

More recently, in *Alliance of Nonprofit for Ins. Risk Retention Grp. [ANI] v. Transdev, Inc.,* No. 2:16-cv-01896, 2019 WL 452492, (W.D. Pa. Feb. 5, 2019), Judge Marilyn Horan for the United States Court for the Western District of Pennsylvania noted that, "[t]he Third Circuit has held that an injured third party has standing to defend itself in a declaratory judgment action brought by an insurer against its insured and the injured third party. [Citations omitted]. In both cases, the insurance company initiated the declaratory action and named the insured and the injured third party as defendants." *Id.* at *5. Under the facts present in Judge Horan's case, she found that the issues and legal interests regarding the duty to defend were "not issues for which the Doe Defendants have standing to litigate, because the Does do not have a legal interest in whether ANI provides Transdev with a defense." Citing to *Carrasquillo,* Judge Horan found that the Doe Defendants lacked standing to request the affirmative action they sought through their Motion for Summary Judgment. *Id.*

Although neither *Carrasquillo,* nor *ANI,* are binding on this Court, this Court concurs with the logic behind these decisions. First, while clear precedent handed down by the United States Court of Appeals for the Third Circuit indicates that injured third parties – such as Plaintiff, in the instant matter – possess standing to defend themselves in a declaratory judgment action brought by an insurer of the alleged tortfeasor, there is no precedent from our Court of

Appeals allowing an injured, third party such as Plaintiff, here, to pursue a declaratory judgment against the insurer of the alleged tortfeasor-insured.

Second, this Court is likewise constrained to see how Plaintiff in the instant matter has standing to pursue a declaration against the Defendant-Insurer so as to obtain a declaration as to whether the tortfeasor is, in fact, an insured under the terms of the excess insurance policy, and whether he is entitled to coverage. Plaintiff here, just like the plaintiff in *Carrasquillo,* is asking this Court to issue a declaration about a third party's legal rights and obligations, rather than her own. This Court finds that Plaintiff lacks the standing to do so. Because the Court finds that Plaintiff lacks standing, this Court lacks subject matter jurisdiction and must remand the matter back to State Court – specifically, the Court of Common Pleas for Westmoreland County, Pennsylvania.

Importantly, this Court notes that Defendant-Insurer's arguments set forth in its Responsive Brief (ECF 11-2) indicated that this Court should not remand this matter because despite Plaintiff's argument to the contrary, the State Court will likewise be unable to entertain Plaintiff's declaratory judgment claim. Defendant-Insurer argues that even if this Court were to determine that the instant "action is infirm in federal court" (ECF 11-2, p. 2), a Pennsylvania State Court would not allow this declaratory judgment action to proceed. Defendant-Insurer suggests that upon applying the factors established in *Bromwell v. Michigan Mut. Ins. Co.*, 716 A.2d 667 (Pa. Super. 1998), the case will be dismissed as premature. In fact, this is akin to the argument that Defendant-Insurer raised in it Motion to Dismiss filed with this Court.

Although Plaintiff in her Motion for Remand does argue that State Court can entertain her request for a declaration on the coverage issue, while this Court cannot, this Court offers no opinion on that narrow matter. This Court's decision to remand this case is solely based on the

4

case law of this Circuit, and as importantly, because this Court concurs with the bases for its sister Courts' decisions in *Carrasquillo* and *ANI*. Whether the Court of Common Pleas for Westmoreland County can adjudicate Plaintiff's declaratory judgment action at this juncture of the proceedings is a matter of law for the Westmoreland County Court to discern once the matter is remanded, and if and when raised by one of the Parties in that forum.

For these reasons, the Court will grant Plaintiff's Motion for Remand, and deny as moot Defendant's Motion to Dismiss. An appropriate Order will follow.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:     All ECF Registered Counsel of Record